UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------------------x
ILANA SCHERTZMAN COHEN, LESLIE
SCHERTZMAN, DONALD SCHERTZMAN,
DANIEL SCHERTZMAN, ARIELLA SCHERTZMAN
FISHER, ABRAHAM SCHERTZMAN, YEHUDA
SCHERTZMAN, MYRIAM MILLER, CHANA AIDEL
MILLER SCHERTZMAN, and TOVA MILLER,

                    Plaintiffs,

   -against-

ISLAMIC REPUBLIC OF IRAN and ISLAMIC
REVOLUTIONARY GUARD CORPS,

                    Defendants.
---------------------------------------------------------------------------x

**Case No. 17-cv-1214-JEB**

### MOTION FOR JUDGMENT BY DEFAULT FOLLOWING PRESENTATION OF EVIDENCE

      Plaintiffs, through undersigned counsel, respectfully move pursuant to Rule 55(b) for judgment by default. In support thereof, the following is submitted:

      1.    The Complaint was served on Defendants Islamic Republic of Iran and the Islamic Revolutionary Guard Corps via State Department channels on April 10, 2018, pursuant to 28 U.S.C. § 1608(a)(4) (following unexecuted service via international courier pursuant to 28 U.S.C. § 1608(a)(3)). Defendants had until June 9, 2018 to file a responsive pleading, *see* ECF No. 15, but they have not answered or otherwise defended this action as required by the Federal Rules of Civil Procedure.

      2.    On June 28, 2018, the Clerk entered defaults as to Defendants pursuant to Rule 55(a), ECF No. 17.

      3.    Plaintiffs now move for judgment by default pursuant to Rule 55(b)(2) and 28 U.S.C. § 1608(e).

      4.    In relevant part, 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act ("FSIA") provides: "No judgment by default shall be entered by a court of the United States . . . against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state . . . unless the

claimant establishes his claim or right to relief by evidence satisfactory to the court."

5.   Plaintiffs request the opportunity to establish their claims through the presentation of written evidence satisfactory to the Court. As cases against the Islamic Republic of Iran and its political subdivisions, agencies, and instrumentalities have become more common in this District, judges of this Court have proceeded in whole, or in part, by way of sworn testimony and affidavits in these uncontested proceedings. *See, e.g., Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88, 93 (D.D.C. 2017) (Walton, J.) ("This evidence may be presented through sworn affidavits or declarations."); *Moradi, et al. v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 65 (D.D.C. 2015) (Huvelle, J.) ("an evidentiary hearing is not required; a 'plaintiff may establish proof by affidavit.'") (quoting *Reed v. Islamic Republic of Iran, et al.*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012) (Urbina, J.)); *Belkin v. Islamic Republic of Iran, et al.*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (Friedman, J.) (same) ("In default judgment cases, plaintiffs may present such evidence in the form of affidavits or declarations rather than through live witnesses testifying in open court."); *Weinstein, et al. v. Islamic Republic of Iran, et al.*, 175 F. Supp. 2d 13, 21 (D.D.C. 2001) (Lamberth, J.) (same).

6.   Palestinian Islamic Jihad ("PIJ"), a Specially Designated Terrorist, Foreign Terrorist Organization and Specially Designated Global Terrorist, was responsible for the November 4, 2001 machine gun attack which caused Plaintiffs' serious physical and emotional injuries. This Court has repeatedly found that Iran and the IRGC are responsible for terrorist acts PIJ perpetrated in Israel, such as in *Belkin v. Iran*, 667 F. Supp. at 16-18, 21-22 (finding that PIJ operatives trained at IRGC bases and that IRGC transferred funds and weapons to PIJ); *Flatow v. Iran*, 999 F. Supp. 1, 19 (D.D.C. 1998) (finding Iran responsible for PIJ terrorism); *Haim v. Islamic Republic of Iran*, 784 F. Supp. 2d 1, 3 (D.D.C. 2011) (same); and *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 34-35 (D.D.C. 2012) (same).

7.   Plaintiffs propose submitting sworn declarations from several experts as to Defendants' liability and Plaintiffs' injuries, including:

    a. Patrick Clawson, Ph.D., an internationally-recognized expert on Iran and its support for terrorist groups and acts of terrorism throughout the Middle East, including Iran's support for PIJ. Dr. Clawson, a Fellow and Director of Research at the Washington

Institute for Near East Policy, has been qualified as an expert on Iran's support for terrorism in over two dozen FSIA cases. Dr. Clawson would opine that Iran provided material support to PIJ during the relevant time period; and

b. Harel Chorev-Halewa, Ph.D., an internationally-recognized terrorism expert. Dr. Chorev-Halewa, head of the Doron Halpern Middle East Network Analysis Desk at Tel Aviv University's Moshe Dayan Center for Middle Eastern and African Studies, would opine that PIJ was responsible for the November 4, 2001 attack.

8. Plaintiffs respectfully request leave to propose a schedule to the Court for their submission of sworn expert declarations by Dr. Clawson, Dr. Chorev-Halewa, and other experts; Plaintiffs' own sworn declarations in support of their claims against Iran and the IRGC; and proposed findings of fact and conclusions of law.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment by default following the presentation of verified documentary evidence.

Dated: September 7, 2018

**OSEN LLC**

By: /s/ Michael Radine
Michael J. Radine (DC Bar No. NJ015)
2 University Plaza Drive, Suite 402
Hackensack, New Jersey
Tel.: (201) 265-6400
Fax: (201) 265-0303

*Attorneys for Plaintiffs*